UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRELL SHIELDS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:11CV00008 AGF |
| JESSE MASTEN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jesse Masten's motion for summary judgment in Plaintiff Terrell Shield's action against him brought pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant was deliberately indifferent to Plaintiff's serious medical needs while Plaintiff was an inmate at the Moberly Correctional Center ("MCC") in Missouri. For the reasons set forth below, Defendant's motion for summary judgment shall be granted.

## BACKGROUND

The record establishes the following. Plaintiff was diagnosed with renal failure. His doctor informed him that without a surgical procedure to enable dialysis, he had four to six months to live. The procedure was scheduled at an area hospital for December 13, 2010, which was approximately two or three months after Plaintiff was told he needed the procedure. On the morning of December 13, 2010, Defendant and another Correctional Officer at MCC transported Plaintiff to the hospital for the out-patient surgical procedure.

At the hospital, Plaintiff spoke with the surgeon and an anesthesiologist, and was told he would be unconscious for the procedure and that the procedure could not be performed if he did not consent. Plaintiff signed two consent forms, but when the nurse asked him to sign a third consent form concerning the anesthesia and told him that the risks included death, he asked to speak to a physician again.

At the time, Plaintiff and the two Correctional Officers were in the room with Petitioner who was in a hospital gown in preparation for the procedure. Plaintiff was told that the surgeon was in surgery and Plaintiff said he could wait. Plaintiff testified by deposition dated June 7, 2012, that Defendant told Plaintiff to sign the third consent form or "just go back to prison and die." (Doc. No. 50-1 at 9.) Defendant then told Plaintiff to get dressed, and Defendant and the other officer transported Plaintiff back to MCC. Plaintiff testified that he did not hear the nurse say that if he did not sign the third consent form, his procedure would be cancelled for that day, but he affirmatively acknowledged that when he refused to sign the third consent form the medical staff cancelled the procedure. He also acknowledged that when he was being taken out of the hospital, no one from the hospital told Defendant that Plaintiff should not be leaving. *Id*. at 16-18.

Plaintiff initiated this action pro se on January 21, 2011, asserting that Defendant had violated Plaintiff's constitutional right to adequate medical care. Besides Defendant, Plaintiff sued the warden of MCC and Correctional Medical Services ("CMS"). Plaintiff sought an injunction ordering that he be given the prescribed procedure, and damages. Plaintiff underwent the procedure on February 11, 2011, and was started on dialysis. The warden and MCC were dismissed as parties, and the Court appointed counsel to represent

Plaintiff, who then withdrew the request for injunctive relief. Plaintiff does not allege that Defendant had any role in the timing of the rescheduling of the procedure. Plaintiff testified that his symptoms got worse between December 13, 2010, and February 11, 2011, but that immediately after the procedure and his first dialysis, he started to feel better.

The record includes the affidavit of the nurse who asked Plaintiff to sign the third consent form on December 13, 2010. She attests that because Plaintiff would not sign that form, and because he Plaintiff was delaying his and others' scheduled procedures, the surgeon told her to cancel Plaintiff's procedure, and that Plaintiff was informed by medical staff that the procedure was cancelled. She further attests that the Corrections Officers did not request cancellation of Plaintiff's medical procedure. (Doc. No. 62.)

In support of the motion for summary judgment, Defendant first argues that the record establishes that having the procedure on December 13, 2010, was not a serious medical need, but rather that it was not critical for the procedure to be performed at that time. Defendant next argues that the record establishes that he did not interfere with Plaintiff getting the procedure on December 13, 2010, but rather, it was Plaintiff's refusal to sign the third consent form that resulted in the procedure being cancelled that day. Thus, Defendant argues, it was Plaintiff 's choice not to accept the constitutionally adequate medical care offered to him. Defendant argues, alternatively, that he is entitled to qualified immunity.

In opposition to the motion, Plaintiff argues that there exists a factual dispute over whether Defendant interfered with Plaintiff getting the needed medical procedure on

3

December 13, 2010. Plaintiff further argues that Defendant is not entitled to qualified immunity.

## DISCUSSION

**Summary Judgment Standard**

Federal Rules of Civil Procedure Rule 56(a) provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. *Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir. 2007).

"A genuine issue of fact exists when there is 'sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "'Mere allegations not supported with specific facts are insufficient to establish a material issue of fact and will not withstand a summary judgment motion.'" *Id.* (quoting *Henthorn v. Capitol Commc'n, Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004)).

"It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010) (citation omitted). The deliberate indifference standard includes "both an objective and a subjective component: The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs

4

and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted).

Delay in treatment can form the basis for such a claim. *Wise v. Lappin*, 674 F.3d 939, 941 (8th Cir. 2012) (holding that a two-month delay in corrective surgery for a fractured jaw established disregard of a serious medical need; reversing grant of summary judgment to prison officials because of a factual question on whether their disregard constituted deliberate indifference). When a prisoner alleges an Eighth Amendment claim for delay in treatment, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (citation omitted).

Here, the Court concludes that Plaintiff has established a serious medical need to have the procedure performed on December 13, 2010, but that the record also establishes that it was not due to Defendant's actions, even as those actions are alleged by Plaintiff, that the procedure was not performed on that day. Rather, the hospital cancelled the procedure because Plaintiff did not want to sign the third consent form when asked to do so. Even if Defendant was cross with Plaintiff, this did not cause Plaintiff not to sign the form or the hospital to cancel the procedure.

In sum, upon review of the record now before the Court, the Court concludes that taking the facts in the light most favorable to Plaintiff, no reasonable juror could find that Defendant was deliberately indifferent to Plaintiff's serious medical needs.

## **CONCLUSION**

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendant Jesse Masten's motion for summary judgment is **GRANTED**. (Doc. No. 49.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2012.